IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT A. STEARNS,

        Plaintiff,

                                  CIVIL ACTION
  vs.                              No. 10-3171-SAC

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY,
et al.,

        Defendants.


**ORDER**

This matter comes before the court on a civil rights action filed by a prisoner in state custody. Plaintiff proceeds pro se and submitted the full filing fee.

Because this matter seeks redress against a governmental entity or officer, the court has conducted an initial screening of this matter pursuant to 28 U.S.C. § 1915A. That screening has identified a potential defect.

Petitioner commenced this action on August 23, 2010.[1] All of the events giving rise to plaintiff's claims arose on January 29, 2007, when plaintiff was arrested by the SCORE Unit of the Kansas City, Kansas, Police Department following a forcible

---
[1] The court takes note that the complaint is dated and was notarized on July 27, 2010.

entry of his residence and the use of a police dog to extract him.  (Doc. 1, p. 5.)

In Kansas, claims filed pursuant to 42 U.S.C. § 1983 are subject to a two-year statute of limitations.  *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008)(the statute of limitations for claims under § 1983 "is drawn from the personal-injury statute of the state in which the federal district court sits").  Under Kansas statute, "[a]n action for injury to the rights of another, not arising on contract" must be brought within two years.  K.S.A. § 60-513(a)(4)(1976).

The Tenth Circuit has determined that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."  *See Beck v. City of Muskogee Poice Dept*., 195 F.3d 553 , 558 (10th Cir. 1999)(claim that police acted outside their jurisdiction accrued at time of incident)(quoting *Johnson v. Johnson County Com'n Bd.,* 925 F.2d 1299, 1301 (10th Cir. 1991)).

Thus, on the facts in the complaint, plaintiff's claims accrued on January 27, 2007, and the statute of limitations expired two years later.  The court therefore is considering the dismissal of this matter as barred by the statute of limitations.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including November 30, 2010, to show cause why this matter should not be dismissed due to his failure to present his claims within the two year statutory limitations period. The failure to file a timely response will result in the dismissal of this matter without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 26th day of October, 2010.

    S/ Sam A. Crow
    SAM A. CROW
    United States Senior District Judge