IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROBERT A. STEARNS,

                    Plaintiff,

                                        CIVIL ACTION
          vs.                           No. 10-3171-SAC

WYANDOTTE COUNTY UNIFIED
GOVERNMENT, et al.,


                    Defendants.



MEMORANDUM AND ORDER


     This matter is a civil rights complaint filed pursuant to
42 U.S.C. § 1983.  Plaintiff, a prisoner proceeding pro se,
executed the complaint on July 27, 2010.

     Plaintiff alleges he was subjected to excessive force by
members of the Kansas City Police Department on January 29,
2007, incident to his arrest on a probation violation warrant.
He has been in custody since that time.

     Following an initial review of the complaint, the court
directed plaintiff to show cause why this matter should not be
dismissed due to his failure to commence this action within the
two year limitations period that applies to a complaint filed
pursuant to § 1983 in the District of Kansas.  Plaintiff filed
a response, and, at the direction of the court, a second

response.   The court has considered the record and concludes this matter should be dismissed.

First, because Congress did not establish a statute of limitations or tolling provision for actions brought under § 1983, the  limitation period in such an action determined by reference to state law.  *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004).  In Kansas, the limitation period is two years under K.S.A. 60-513(a).

Next,"[w]hile state law governs limitations and tolling issues, federal law determines the accrual of 1983 claims." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). "A § 1983 action accrues when facts that would support a cause of action are or should be apparent."  *Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.)(internal punctuation and citation omitted), *cert. denied,* 549 U.S. 1059 (2006).  "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur.'" *Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 558 (10th Cir. 1999) (quoting *Johnson v. Johnson County Com'n Bd.,* 925 F.2d 1299, 1301 (10th Cir. 1991)).  Thus, the plaintiff's claim of excessive force incident to an arrest accrued in January 2007.

The state statute governing the limitation period also

provides:

> "if any person entitled to bring an action, other than
> for the recovery of real property or a penalty or a
> forfeiture, at the time the cause of action accrued or
> at any time during the period the statute of limita-
> tions is running, is less than 18 years of age, an
> incapacitated person or imprisoned for a term less
> than such person's natural life, such person shall be
> entitled to bring such action within one year after
> the person's disability is removed, except that no
> such action shall be commenced by or on behalf of any
> person under the disability more than eight years
> after the time of the act giving rise to the cause of
> action.
>
> Notwithstanding the foregoing provision, if a person
> imprisoned for any term has access to the court for
> purposes of bringing an action, such person shall not
> be deemed to be under legal disability." K.S.A. 60-
> 515(a).

Plaintiff argues he was under a legal disability due to his incarceration and cites this provision in support of his position that this action is timely. He states that he diligently pursued his claims but was unable to present them earlier because he does not understand legal procedures. The court finds this is insufficient to warrant tolling.

In *Hawkins v. Lemons*, 357 Fed. Appx. 990, 2009 WL 5103591, *1 (10th Cir. 2009)[1], the Tenth Circuit Court of Appeals affirmed the dismissal of a prisoner plaintiff's complaint as untimely, stating "[n]either [plaintiff's] incomplete understanding of the

---

[1]A copy of this unpublished decision is attached.

legal issues, nor the pendency of the state criminal prosecution, nor [his] medical condition prevented him from filing his civil rights complaint."

Here, plaintiff's claim that he is entitled to equitable tolling based upon a limited grasp of legal procedure also fails. It is apparent that plaintiff was aware of the core facts of his claim from January 2007, and he was incarcerated for most of the intervening period in state correctional facilities which contain law libraries. The court also takes notice that complaint forms are readily available to prisoners in state custody.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed due to plaintiff's failure to commence this action within the limitation period.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 21st day of September, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge