```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**ROBERT A. STEARNS,**

                 **Plaintiff,**

      v.                              CASE NO. 10-3171-SAC

**WYANDOTTE COUNTY UNIFIED**
**GOVERNMENT, et al.,**

                 **Defendants.**

MEMORANDUM AND ORDER

    This matter comes before the court on plaintiff's motion for reconsideration (Doc. 8) filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff seeks relief from the order of the court dismissing this matter as untimely.

**Background**

    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff executed the complaint on July 27, 2010, and it was received by the clerk of the court on August 23, 2010.

    The complaint concerns plaintiff's January 2007 arrest by Kansas City, Kansas, police.

    On October 26, 2010, the court entered an order explaining that an action under § 1983 is subject to a two-year limitations period. Because plaintiff's claims presumably accrued more than three years before the complaint was executed, the court directed plaintiff to show cause why the matter should not be dismissed as barred by the limitations period.

    Plaintiff filed a timely response, asserting that the

limitation period should be tolled because he had been incarcerated since the events alleged in the complaint.

The court entered an order of dismissal, finding that the plaintiff's incarceration was not a sufficient basis for equitable tolling.

## Discussion

Plaintiff seeks relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Such relief is appropriate where the movant shows "(1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was previously unavailable; or (3) it is necessary to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff asserts the court erred in summarily dismissing this matter on the ground that it was not timely filed and by not conducting additional proceedings to evaluate his claim that he was denied access to the courts.

The court finds no merit to this claim. "Although the untimeliness of an action under relevant statutes of limitation is ordinarily raised as an affirmative defense, sua sponte dismissal of a complaint on limitations grounds is appropriate where the affirmative defense appears on the face of the complaint." *Crowley v. Shurtleff*, 2008 WL 5341131, *2 (D. Utah 2008)(citing *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)). See also Fratus v. Deland, 49 F.3d 673, 674-75 (10th Cir. 1991)(a district court may

consider an affirmative defense sua sponte "when the defense is 'obvious from the face of the complaint' and '[n]o further factual record [is] required to be developed.'"))(quoting *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987)).

While plaintiff broadly asserted a failure to provide adequate legal support to him, the court notes that it provided plaintiff with an opportunity to present his position before entering a dismissal in this matter. However, plaintiff failed to provide any adequate basis for equitable tolling, a showing that requires a party to establish both that he has diligently pursued his rights and that "some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2004).

The court has carefully reviewed plaintiff's motion to alter or amend the judgment but finds no basis to grant relief. The plaintiff has not offered any specific allegation that might warrant the equitable tolling he seeks, and it is clear from the face of the complaint that his claims are time-barred.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for reconsideration (Doc. 8) is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 3d day of May, 2012, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge